**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| NICOLE WORTHEY,<br>individually, and on behalf of all<br>others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOME SHIELD<br>CORPORATION,<br><br>Defendant. | Case No. 1:25-cv-01598 |

**CLASS ACTION COMPLAINT**

**NOW COMES** NICOLE WORTHEY ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of AMERICAN HOME SHIELD CORPORATION ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

6. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Cleveland, Ohio.

7. Defendant is a company that provides home warranty plans to consumers, purportedly to protect homeowners from the costs associated with repairing or replacing major home appliances..

8. Defendant maintains its principal place of business in Memphis, Tennessee.

**FACTUAL ALLEGATIONS**

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2253.

10. At all times relevant, Plaintiff's number ending in 2253 was assigned to a cellular telephone service.

11. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

12. Prior to the events that give rise to this action, Plaintiff received a furnace repair pursuant to her policy with Defendant.

13. Despite her policy, Defendant charged Plaintiff over $5,000 for the repair and $125 for the service call.

14. Due to her dissatisfaction with the service, Plaintiff cancelled her policy with Defendant.

15. In April 2025, Plaintiff started receiving pre-recorded calls from Defendant to her cellular number ending in 2253.

16. At first, Defendant placed these pre-recorded calls in an attempt to solicit Plaintiff's business.

17. Shortly after the calls began, Plaintiff answered a call from Defendant and requested that Defendant cease its harassing calls.

18. Despite Plaintiff's verbal request to cease its calls, Defendant continued placing harassing calls to Plaintiff's cellular phone.

19. Furthermore, Defendant began placing pre-recorded collection calls in an attempt to collect the purportedly outstanding $125 balance of Plaintiff's account.

20. Consequently, Plaintiff again requested the calls cease.

21. Despite Plaintiff's repeated requests that the unwanted calls cease, Defendant continues to bombard Plaintiff with harassing, pre-recorded calls.

22. It was clear to Plaintiff that Defendant's calls utilized an artificial and/or prerecorded voice ("robocalls").

23. In total, Defendant placed no less than seventy-five (75) calls to Plaintiff's cellular phone after Plaintiff requested that the calls cease.

## DAMAGES

24. Defendant's harassing calls invaded Plaintiff's privacy and caused Plaintiff damages, including: aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's

cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's cellular phone, and wasting Plaintiff's time.

25. Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

26. Due to Defendant's repeated refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to file this lawsuit to compel Defendant to cease its abusive solicitation and collection practices.

## CLASS ALLEGATIONS

27. Plaintiff restates and reallages all previous Paragraphs as though fully set forth herein.

28. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

29. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any

such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**a. Numerosity**

30. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

31. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

32. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

33. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**b. Commonality and Predominance**

34. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

35. Those questions predominate over any questions that may affect individual members of the Putative Class.

**c. Typicality**

36. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**d. Superiority and Manageability**

37. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

38. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

39. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

40. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**e. Adequate Representation**

41. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

42. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

43. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### Count I – Violations of the Telephone Consumer Protection Act
### (On behalf of Plaintiff and the Members of the Punitive Class)

44. Plaintiff restates and reallages all previous Paragraphs as though fully set forth herein

45. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because she is an individual

46. Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a corporation.

47. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or *an artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

48. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than seventy-five (75) non-emergency calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

49. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon the call reaching Plaintiff.

50. Defendant did not have consent to place calls to Plaintiff's cellular phone because Plaintiff revoked any prior consent that Defendant may have believed it had.

51. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

52. Upon information and belief, Defendant knows its collection practices are in violation of the TCPA, yet it continues to employ them to maximize profits at the expense of Plaintiff and the Putative Class.

53. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful solicitation and collection calls.

**WHEREFORE**, Plaintiff on behalf of herself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

c. a judgment in Plaintiff's favor and against Defendant for violations of 47 U.S.C. § 227 (b)(1)(A)(iii);

d. an order enjoining Defendant from placing further violating calls to similarly situated consumers;

e. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violation of the TCPA;

f. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each willful violation of the TCPA; and

g. any further relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: July 31, 2025

Respectfully submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
ataylor@sulaimanlaw.com